1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA
9
10
11   TIMOTHY JOHNSON,            ) 1:12-cv—00787-SKO-HC
                                 )
12              Petitioner,      ) ORDER DISMISSING THE PETITION AS
                                 ) SUCCESSIVE PURSUANT TO 28 U.S.C.
13                               ) § 2244(b) (Doc. 1)
         v.                      )
14                               ) ORDER DECLINING TO ISSUE A
     JAMES HARTLEY, Warden,      ) CERTIFICATE OF APPEALABILITY
15                               ) AND DIRECTING THE CLERK TO CLOSE
                Respondent.      ) THE CASE
16   _____ )
17
18        Petitioner is a state prisoner proceeding pro se and in
19   forma pauperis with a petition for writ of habeas corpus pursuant
20   to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),
21   Petitioner has consented to the jurisdiction of the United States
22   Magistrate Judge to conduct all further proceedings in the case,
23   including the entry of final judgment, by manifesting consent in
24   a signed writing filed by Petitioner on May 31, 2012 (doc. 5).
25   Pending before the Court is the petition, which was filed on May
26   14, 2012.
27        I. Screening the Petition
28        Rule 4 of the Rules Governing § 2254 Cases in the United

                                  1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner is an inmate of the Avenal State Prison (ASP) serving a sentence of seven years to life imposed in the Sacramento County Superior Court for Petitioner's 1991 conviction of aiding and abetting an attempted murder. (Pet. 1.)

2

Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made on April 10, 2010, finding Petitioner unsuitable for parole.  Petitioner argues that the BPH's reliance on a psychological evaluation as one of the multiple factors for a finding of unsuitability violated Petitioner's constitutional rights.

The present petition is not the first petition filed with respect to the decision challenged by Petitioner.  The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).  The Court will take judicial notice of its own dockets.

On November 11, 2011, a petition for writ of habeas corpus challenging the BPH's unsuitability finding made on April 10, 2010, was dismissed by this Court in Timothy Demetrius Johnson v. California Board of Parole Hearings, 1:12-cv-01809-GSA-HC. (Docs. 6, 7.)  The dismissal was expressly "with prejudice" (id. at 7:3); the reasons for the dismissal were that Petitioner had failed to state a cognizable claim for relief, and further that Petitioner had not shown that his ex post facto claim was meritorious (id. at 2-5).

Further, the docket of that proceeding reflects that a notice of appeal from this Court's judgment was filed on October 5, 2009 (Doc. 40), and the appeal is presently pending.

III.  Successive Petition

Because the petition in the present case was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of

3

1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v.</u>
<u>Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008
(1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A federal court must dismiss a second or successive petition
that raises the same grounds as a prior petition.  28 U.S.C.
§ 2244(b)(1).  The Court must also dismiss a second or successive
petition raising a new ground unless the petitioner can show that
1) the claim rests on a new, retroactive, constitutional right or
2) the factual basis of the claim was not previously discoverable
through due diligence, and the new facts establish by clear and
convincing evidence that but for the constitutional error, no
reasonable factfinder would have found the applicant guilty of
the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a
second or successive petition meets these requirements, which
allow a petitioner to file a second or successive petition.
Section 2244(b)(3)(A) provides, "Before a second or successive
application permitted by this section is filed in the district
court, the applicant shall move in the appropriate court of
appeals for an order authorizing the district court to consider
the application."  In other words, a petitioner must obtain leave
from the Ninth Circuit before he or she can file a second or
successive petition in district court.  <u>See</u> <u>Felker v. Turpin</u>, 518
U.S. 651, 656-657 (1996).

This Court must dismiss any claim that is presented in a
second or successive habeas corpus application under section 2254
that was presented in, or could have been presented in, a prior
application unless the Court of Appeals has given Petitioner

4

1  leave to file the petition.  28 U.S.C. § 2244(b)(1).  This

2  limitation has been characterized as jurisdictional.  Burton v.

3  Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d

4  1270, 1274 (9th Cir. 2001).

5      A habeas petition is second or successive only if it raises

6  claims that were or could have been adjudicated on the merits.

7  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).  A

8  disposition is "on the merits" if the district court either

9  considered and rejected the claim, or determined that the

10  underlying claim would not be considered by a federal court.

11  McNabb v. Yates, 576 F.3d at 1029 (citing Howard v. Lewis, 905

12  F.2d 1318, 1322 (9th Cir. 1990)).  A dismissal for failure to

13  state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a judgment

14  on the merits.  Federated Dept. Stores, Inc. v. Moitie, 452 U.S.

15  394, 399 n.3 (1981).  A dismissal of a § 2254 petition because it

16  does not state a claim for habeas relief is a dismissal on the

17  merits for the purpose of 28 U.S.C. § 2244.  Dellenbach v. Hanks,

18  76 F.3d 820, 822-23 (7th Cir. 1996) (distinguishing between a

19  dismissal for failure to state a claim and a dismissal because

20  insufficient substantiation of a claim was provided); see,

21  Williams v. Armontrout, 855 F.2d 578, 580 (8th Cir. 1988)

22  (dismissal for legal insufficiency, or not stating facts

23  constituting a violation of constitutional rights as a matter of

24  law, was held to be a decision on the merits); cf., del Campo v.

25  Kennedy, 491 F.Supp.2d 891, 902 (N.D.Cal. 2006), aff'd., del

26  Campo v. Kennedy, 517 F.3d 1070 (9th Cir. 2008) (citing Federated

27  Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981), and

28  noting that historically, courts have considered a dismissal of a

1  civil claim with prejudice for failure to state claim to be a

2  dismissal on the merits for res judicata purposes).

3      Here, the disposition of the first petition concerning the

4  same state court decision constituted a decision on the merits.

5      The Court has considered the pendency of an appeal from the

6  judgment rendered by this Court on the first petition.  If a new

7  petition is filed when a previous habeas petition is still

8  pending before the district court without a decision having been

9  rendered, then the new petition should be construed as a motion

10 to amend the pending petition.  Woods v. Carey, 525 F.3d 886, 888

11 (9th Cir. 2008).  However, the Woods holding will not be extended

12 to a situation where the district court has ruled on the initial

13 petition, and proceedings have begun in the Court of Appeals.

14 Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009),

15 cert. denied, -- U.S. --, 130 S.Ct. 364, 175 L.Ed.2d 50 (2009).

16 The petition presently before the Court is a successive petition

17 because the district court entered judgment and denied the first

18 petition on the merits, and the appeal is pending in the Ninth

19 Circuit.  Id.

20     Petitioner makes no showing that he has obtained prior leave

21 from the Ninth Circuit to file his successive petition attacking

22 the conviction.  Accordingly, this court has no jurisdiction to

23 consider Petitioner's renewed application for relief from that

24 conviction under section 2254 and must dismiss the petition.

25 See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart,

26 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If

27 Petitioner desires to proceed in bringing this petition for writ

28 of habeas corpus, he must file for leave to do so with the Ninth

6

1  Circuit. <u>See</u> 28 U.S.C. § 2244(b)(3).

2      IV.  <u>Certificate of Appealability</u>

3      Unless a circuit justice or judge issues a certificate of

4  appealability, an appeal may not be taken to the Court of Appeals

5  from the final order in a habeas proceeding in which the

6  detention complained of arises out of process issued by a state

7  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

8  U.S. 322, 336 (2003).  A certificate of appealability may issue

9  only if the applicant makes a substantial showing of the denial

10 of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this

11 standard, a petitioner must show that reasonable jurists could

12 debate whether the petition should have been resolved in a

13 different manner or that the issues presented were adequate to

14 deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>,

15 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

16 (2000)).  A certificate should issue if the Petitioner shows that

17 jurists of reason would find it debatable whether the petition

18 states a valid claim of the denial of a constitutional right and

19 that jurists of reason would find it debatable whether the

20 district court was correct in any procedural ruling.  <u>Slack v.</u>

21 <u>McDaniel</u>, 529 U.S. 473, 483-84 (2000).

22     In determining this issue, a court conducts an overview of

23 the claims in the habeas petition, generally assesses their

24 merits, and determines whether the resolution was wrong or

25 debatable among jurists of reason.  <u>Miller-El v. Cockrell</u>, 537

26 U.S. at 336-37.  It is necessary for an applicant to show more

27 than an absence of frivolity or the existence of mere good faith;

28 however, it is not necessary for an applicant to show that the

1  appeal will succeed.  Id. at 338.

2      A district court must issue or deny a certificate of
3  appealability when it enters a final order adverse to the
4  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

5      Here, Petitioner has not demonstrated that jurists of reason
6  would find it debatable whether or not the petition states a
7  valid claim of the denial of a constitutional right.  Petitioner
8  has not made the substantial showing required for issuance of a
9  certificate of appealability.

10     V.  Disposition

11     Accordingly, it is ORDERED that:

12     1) The petition is DISMISSED as successive; and

13     2) The Court DECLINES to issue a certificate of
14  appealability; and

15     3) The Clerk is DIRECTED to close this action because the
16  dismissal will terminate the action in its entirety.

17

18

19

20  IT IS SO ORDERED.

21  **Dated:   June 6, 2012**            _____/s/ Sheila K. Oberto_____
                                        UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28